UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEREMY E. DEVERS and PATRICIA E. LOCKE                                              PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:12-CV-700-S

KEVIN MOONEY, both individually and in
his official capacity as Bullitt County Clerk                                    DEFENDANT

### MEMORANDUM OPINION

Plaintiffs Jeremy E. Devers and Patricia E. Locke bring this action pursuant to 42 U.S.C. § 1983. According to the complaint, Devers, an inmate at the Kentucky State Reformatory, is engaged to marry Locke. Plaintiffs allege that in March of 2012 they obtained a marriage license from Defendant Kevin Mooney, the Bullit County Clerk. However, prior to their marriage, Defendant adopted a policy, based upon a construction of a Kentucky statute, requiring applicants seeking a marriage license to appear in person to obtain a valid license. Defendant then retroactively applied the policy to revoke the license Plaintiffs had received. Plaintiffs allege that Devers cannot personally appear at Defendant's office due to his incarceration and the refusal of prison officials to transport him to obtain a marriage license.

Plaintiffs assert claims against Defendant in his official capacity for violation of their right of intimate association under the First Amendment and violation of their fundamental right to marry under the Fourteenth Amendment. For those official capacity claims, they seek a declaratory judgment that the in-person requirement is unconstitutional and preliminary and injunctive relief preventing Defendant from enforcing the in-person requirement. Additionally, Plaintiffs assert claims

against Defendant in his individual capacity for violating their due process rights under the Fourteenth Amendment, their right of intimate association under the First Amendment, and their fundamental right to marry under the Fourteenth Amendment when he revoked their previously-issued marriage license. For the individual capacity claims, Plaintiffs seek monetary damages not to exceed $2,000 per Plaintiff.

After Plaintiffs filed their complaint in this court, Defendant filed an answer. Then, the parties began filing motions, several of which are now ripe. Among the motions that were filed are a motion by Defendant to dismiss the individual capacity claims based on qualified immunity (DN 9) and three motions raising procedural issues related to that motion to dismiss: a motion by Plaintiffs to strike an exhibit to Defendant's motion to dismiss or, in the alternative, to convert the motion to dismiss into a motion for summary judgment (DN 14); a motion by Plaintiffs to stay further briefing of Defendant's motion to dismiss pending resolution of the motion to strike (DN 15); and a motion by Defendant to stay discovery pending the resolution of his motion to dismiss (DN 28). Additionally, Plaintiffs have filed a motion for a preliminary injunction (DN 8) and a motion to consolidate the preliminary injunction hearing with a trial on the merits (DN 17). Lastly, Defendants have moved to consolidate this action with another action that was recently filed in this court (DN 29).

The court will begin with the issues surrounding Defendant's motion to dismiss. In that motion, Defendant argues that he is entitled to qualified immunity as to the individual capacity claims against him. His sole argument for qualified immunity is that he relied upon the advice and direction of the Bullitt County Attorney and the Kentucky County Clerks Association, as well as an opinion of the Kentucky Attorney General's Office, when he implemented the requirement that applicants for marriage licenses appear in person at the Bullitt County Clerk's Office. According to Defendant,

his reliance on advice renders his actions reasonable and affords him qualified immunity from the individual capacity damages claims asserted by Plaintiffs. In support of his argument, Defendant attached to the motion an affidavit stating that he had, in fact, been advised by the Bullitt County Attorney and the Kentucky County Clerks Association that he should require marriage license applicants to personally appear in order to satisfy Kentucky statutes.

After Defendant filed his motion to dismiss, Plaintiffs filed a motion to strike the affidavit Defendant had attached to his motion to dismiss on the basis that consideration of matters outside the pleadings is inappropriate for a motion to dismiss. Alternatively, Plaintiffs request that Defendant's motion to dismiss be converted to one for summary judgment and that Plaintiffs be granted an opportunity to conduct discovery prior to responding to Defendant's motion. Plaintiffs also filed a separate motion seeking to stay briefing of Defendant's motion to dismiss until Plaintiffs' motion to strike has been decided.

Meanwhile, Defendant filed a motion seeking to stay all discovery in this action until the qualified immunity issue is resolved. Defendant primarily argues that qualified immunity is intended to protect government officials from discovery, not just from damages. Indeed, even though Defendant appears to concede that his motion to dismiss should be converted into a motion for summary judgment, he disagrees that Plaintiffs should have any opportunity to engage in discovery before responding.

The court will convert Defendant's motion to dismiss to one for summary judgment, as both parties agree is appropriate. In light of that, the court finds that it would be appropriate to provide Plaintiffs with the opportunity to conduct limited discovery concerning the factual issue raised by

Defendant in his motion: his receipt of legal advice. Although Defendant is right that part of the purpose of qualified immunity is to avoid unwarranted discovery, the Supreme Court has also stated:

> Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from *all* discovery. *Harlow* sought to protect officials from the costs of 'broad-reaching' discovery, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.

*See Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (internal citations omitted). Here, it would be unfair to allow Defendant to argue that he relied on legal advice and his reliance was reasonable without giving Plaintiffs some chance to explore what the precise contours of the advice he received. Specifically, Plaintiffs will be entitled to conduct discovery concerning the nature of the advice Defendant received and the reasonableness of his reliance on that advice in taking the various actions he has allegedly taken. Accordingly, the court will allow limited discovery as to the advice received by Defendant and will stay briefing of the summary judgment motion until such discovery has been completed.

That ruling still leaves an issue concerning discovery on the official capacity claims. Those claims are not subject to a qualified immunity defense. Thus, Plaintiffs argue that they should be allowed to engage in discovery as to those claims even before this court decides the qualified immunity issue. Defendant disagrees; in his view, the qualified immunity ruling must take place prior to any discovery in the case whatsoever, even discovery concerning claims not subject to a qualified immunity defense.

The official capacity claims are clearly a central focus of this litigation. It is apparent from the complaint and the motion for a preliminary injunction that obtaining injunctive relief is an important goal for Plaintiffs. With that in mind, the court does not see how any legitimate purpose

would be served by staying discovery on those official capacity claims pending the resolution of a defense to the individual capacity claims. *See Lugo v. Alvarado*, 819 F.2d 5, 7 (1st Cir. 1987) (noting "powerful policy reasons" for not halting discovery on official capacity claims while a court considers a qualified immunity defense to individual capacity claims). No matter whether Defendant is entitled to qualified immunity as to the individual capacity claims, the official capacity claims will proceed forward. Thus, discovery on the official capacity claims would still have to be conducted even if the individual capacity claims were dismissed. *See id.* ("[A]ny elimination of 'disruptive' discovery against government officials in a civil rights suit in which both damage and equitable relief are sought would be totally illusory, because in most cases the scope of discovery as to the injunctive claim is practically the same as that involved in proving damages."). Staying discovery on the official capacity would therefore have the sole effect of unnecessarily delaying resolution of those claims. *Id.* In light of those considerations, the court, consistent with the rulings of many other courts to have considered the issue, believes that discovery should proceed on the official capacity claims. *See Roth v. President & Bd. of Trustees of Ohio Univ.*, 2009 WL 2579388, at *2-*3 (S.D.Ohio Aug. 18, 2009) (citing cases in which courts have allowed discovery to proceed on claims for which qualified immunity does not apply).

Next, we turn to Plaintiff's motion to consolidate the preliminary injunction hearing with a trial on the merits of the official capacity claim pursuant to Federal Rule of Civil Procedure 65(a)(2). Plaintiffs argue that consolidation of the hearing and trial on the official capacity claims is warranted for three reasons: (1) the relevant facts underlying the official capacity claims will be largely undisputed; (2) the preliminary injunctive relief Plaintiffs seek – barring Defendant from enforcing the in-person requirement when Plaintiffs re-apply for a marriage license – would effectively grant

them all injunctive relief they are seeking through their official capacity claims; and (3) the interests of judicial economy would be served by holding the hearing and a trial on the merits at the same time.

Defendants oppose Plaintiffs' motion to consolidate the hearing and trial. Defendants primarily argue that the parties have not yet engaged in any discovery, and, further, that the parties cannot engage in discovery until this court has resolved the qualified immunity issue. Defendants thus appear to be concerned about being forced into trial before having the opportunity to engage in discovery as to the official capacity claims.

The court will grant Plaintiffs' motion to consolidate the hearing on the motion for a preliminary injunction and the trial. As explained above, the court will allow discovery to proceed on the official capacity claims at this point, since the qualified immunity defense does not apply to those official capacity claims. The parties will thus be able to engage in, and complete, all necessary discovery prior to the hearing and trial, alleviating Defendant's apparent concern about being forced to proceed to trial before discovery is complete. Since the court will be granting Plaintiffs' motion to consolidate the preliminary injunction hearing and trial on the merits of the official capacity claims, the motion for a preliminary injunction will be held in abeyance until the joint hearing/trial takes place.

Finally, we turn to Defendant's motion to consolidate this action with another action filed in this court. The complaint in this action was filed on October 24, 2012. Approximately five months later, on April 1, 2013, an action was filed in this court by Sara Hudson against the Defendant in this action, Kevin Mooney, in his individual and official capacities (the "Hudson Action"). Hudson alleged in her complaint that she is engaged to marry James Keeling, an inmate at the Kentucky

- 6 -

State Reformatory. Hudson and Keeling obtained a marriage license from Mooney in March of 2012, but that license was revoked after Mooney adopted the "in-person" policy for marriage licenses. Thus, Hudson claims that she cannot marry Keeling due to his inability to personally appear at Mooney's office. She brought the same claims against Mooney as did Plaintiffs in this action.

Mooney asserts that this action should be consolidated, pursuant to Federal Rule of Civil Procedure 42(a), with the Hudson Action due to the similarity of factual and legal issues between the two actions. Federal Rule of Civil Procedure 42(a) provides:

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Plaintiffs oppose the motion to consolidate the actions. While conceding that there are some common questions of law or fact in these two actions, Plaintiffs argue that "the commonalities between the two actions are not coextensive." Plaintiffs do, however, "agree that it would be appropriate for the Court to issue such orders as would 'avoid unnecessary cost or delay' under Fed.R.Civ.P. 42(a)(3)."

The court believes that consolidation of the Hudson Action with this action is appropriate. The Hudson Action and this action appear to raise the exact same legal issues. Plaintiffs' only attempt at showing that the legal issues will differ is the vague, unexplained, and unsupported statement that "differing legal questions may also exist with respect to the appropriate standard of review." The court is at pains to see how this could be true. The Hudson Action and this action are

based on the exact same fact pattern: inmate and non-inmate obtain marriage license from Bullitt County Clerk in March of 2012, Bullitt County Clerk adopts in-person requirement the following month and revokes the previously issued marriage license, and now inmate and non-inmate are unable to get married due to the inability of the inmate to personally appear at the Bullitt County Clerk's Office. As the central fact pattern alleged in the two complaints is the same, most of the legal issues will almost certainly be the same. In light of the fact that all, or very nearly all, of the legal issues – as well as many of the factual ones – will be common to both actions, it would plainly be more efficient to consolidate these two actions.

Plaintiffs also argue that they might be substantially and unduly prejudiced by consolidation. They do not, however, explain how they could possibly be unduly prejudiced by having the two actions consolidated. If it appears in the future that any party will suffer undue prejudice by the consolidation, the court would be willing to provide any necessary relief so as to alleviate the undue prejudice. But, at this point, where it is plain that it would be more efficient to consolidate the two actions and there has been nary a hint of how undue prejudice would result from consolidation, the court will grant the motion to consolidate the two actions.[1]

In sum, limited discovery will be allowed as to the qualified immunity defense and Defendant's motion to dismiss will be converted into a motion for summary judgment and held in

---

[1] In the Hudson Action, Defendant filed a motion for partial summary judgment raising his qualified immunity defense and then moved to stay discovery in that case pending the resolution of the motion for partial summary judgment. The District Judge previously assigned to the Hudson Action denied that motion to stay discovery, finding that it would be inconsistent to allow Defendant to introduce evidence in support of his motion without providing an opportunity for the plaintiff to conduct discovery to oppose the motion. The order did not explicitly set forth any limits on discovery. Since the Hudson Action will now be consolidated with this one, discovery in both actions should proceed in the same manner. Namely, the parties in this action and the Hudson Action shall be entitled to proceed with limited discovery as to the qualified immunity defense and full discovery as to the official capacity claims in the manner delineated in this opinion and the accompanying order.

abeyance pending the completion of that discovery. Additionally, the parties will be entitled to proceed with discovery on the official capacity claims. Once that discovery has been completed, the court may hold a joint preliminary injunction hearing and trial on the merits of the official capacity claims. Lastly, the court will have the parties coordinate with Magistrate Judge Dave Whalin concerning a discovery schedule and a schedule for briefing of Defendant's motion for summary judgment.

A separate order will issue in accordance with this opinion.

July 22, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**